# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICHARD ALLEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SEMI TRUCKING, LLC, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 4:23-cv-0639-MTS |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Leave to File Third Amended Complaint. Doc. [105]. After a complete review of the proposed amended complaint and the parties' filings on the Motion, the Court concludes that Plaintiff has met the liberal amendment standard. *See* Fed. R. Civ. P. 15(a)(2); *cf. Chesnut v. St. Louis County*, 656 F.2d 343, 349 (8th Cir. 1981) ("Amendments should be allowed with liberality, and when justice so requires, even after defendant has served the moving party with a motion for summary judgment." (internal citation omitted)). While Defendants ably make their opposition, their real grievance lies mainly with the liberal amendment standard that the Federal Rules establish. In the absence of things like "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave "should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court sees no sufficient reason to deny amendment.  The Court does not find that there was undue delay.  Nor does the Court find that there would be undue prejudice in allowing the amendment.  For one thing, "that amendment may increase defendant's potential liability" is not the stuff of prejudice that prevents amendment.  *See* 6 *Wright & Miller's Federal Practice & Procedure*, § 1487 (3d ed. 2025).  And by agreement of the parties, *see* Doc. [102], the Court already extended the discovery deadlines in this matter, *see* Doc. [103].  This mitigates much of the prejudice to Defendants beyond the ordinary prejudice inherent in the potential liability arising from the amendments.  *See Gormley v. Precision Extrusions, Inc.*, 174 F. App'x 918, 921 (6th Cir. 2006) ("We have repeatedly held that allowing amendment after the close of discovery creates significant prejudice."); *Bartel v. Renard*, 165 F.3d 13 (2d Cir. 1998) (table decision) (noting amendment can be "especially prejudicial when discovery has already been completed").\*

What is more, formal amendment is unnecessary for much of what Plaintiff seeks to add to his pleading, a new legal theory and a demand for additional damages.  A complaint need not contain any legal theory in the first place.  *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam); *In re SuperValu, Inc.*, 870 F.3d 763, 772 (8th Cir. 2017); *accord King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014) ("A complaint

---

\* Indeed, the Rules specifically allow for amendments during and even after trial.  Fed. R. Civ. P. 15(b).  *See also Am. Fam. Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 348 (8th Cir. 2013) ("The goal of Rule 15(b) is to promote the objective of deciding cases on the merits rather than on the relative pleading skills of counsel."); *Sec. & Exch. Comm'n v. Rapp*, 304 F.2d 786, 790 (2d Cir. 1962) (Clark, J.) (discussing the "well known objective" of Rule 15(b), "that cases should be decided on resolution of the actual dispute between the parties, rather than on the paper pleadings filed at the inception of suit").

need not identify legal theories . . . ."). *See also* Charles E. Clark, *Pleading Under the Federal Rules*, 12 Wyo. L.J. 177, 191–92 (1958). Thus, formal amendment is not necessary simply to add a legal theory to facts already pleaded, and amending pleadings to add a reference to a legal theory should generally be allowed, *see Johnson*, 574 U.S. at 12 ("For clarification and to ward off further insistence on a punctiliously stated 'theory of the pleadings,' petitioners, on remand, should be accorded an opportunity to add to their complaint [their legal theory]."); *Foman*, 371 U.S. at 182 (finding the court of appeals erred in affirming the district court's denial of leave to amend where "the amendment would have done no more than state an alternative theory for recovery").

Nor is formal amendment of a complaint generally required to request a different type or amount of damages. *See* Fed. R. Civ. P. 54(c); *Bowles v. Osmose Utils. Servs., Inc.*, 443 F.3d 671, 675 (8th Cir. 2006); *accord Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995) (Posner, J.) (explaining that "the rules entitle [a plaintiff] to a judgment that grants him the relief to which he is entitled even if the complaint failed to ask for that relief"); *Truth Seeker Co. v. Durning*, 147 F.2d 54, 56 (2d Cir. 1945) (Clark, J.) (discussing how a party "is entitled to the relief to which the stated facts entitle it" regardless of what he demands for relief). *But see* Fed. R. Civ. P. 9(g) (providing that "an item of special damage" must be "specifically stated").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Third Amended Complaint, Doc. [105], is **GRANTED**. The Clerk of Court is respectfully directed to docket the proposed Third Amended Complaint. Doc. [105-2].

- 3 -

**IT IS FURTHER ORDERED** that Defendants shall file their required response to Plaintiff's Third Amended Complaint no later than **Monday**, **January 19, 2026**. *See* Fed. R. Civ. P. 15(a)(3).

Dated this 19th day of December 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE